(Licking County, O., Common Pleas.). January, 1898.

### DANIEL L. JONES, Adm'r., v. CAROLINE M. ALLEN et al.

---

(1). Under sec. 6165, R. S., providing for the distribution of the proceeds of the sale of land sold by the administrator to pay debts, the widow's claim for year's support does not take precedence of judgment liens.

(2). It does not require an application by a widow for setting off a homestead to her where lands are sold on petition of the administrator to pay debts under sec. 5437, R. S., nor could the widow waive it where there are minor children.

(3). Where a homestead is set off to a widow, the judgment liens remain attached to it, and when the homestead right terminates, such liens, if they are kept alive, can be enforced against it as liens.

JONES, J.

This was a proceeding in the probate court to sell land of James W. Allen, deceased, to pay his debts.

The petition alleges that he was, at the time of his death, the owner of two parcels of land—one parcel situate in this city, in Hull's addition, and another in some western state or territory, making a case for the sale cf the land to pay debts, the debts being considerable and the costs of administration and the personal property very insignificant.

James W. Allen left a widow and some minor children. Caroline M. Allen, the widow, answers the petition, and alleges that she is the widow of James W. Allen, and entitled to dower in the premises, and asks that her dower be set off to her in money, and without actually asking that the property be sold, by asking that her dower be allowed to her in money, substantially acquiesces in the sale. It was sold to her for $800, and counsel have remarked that it has since been sold by her. After the sale she filed a supplemental or additional answer, in which she claims the proceeds of the sale, after the payment of expenses, as a homestead, or $500 of it in lieu to a homestead, and claims that it ought to be paid to her and for her year's support, which was allowed —$840. This petition makes several other persons parties who held judgment liens against James W. Allen, upon judgments taken before his death, which were liens upon this property at the time of his death.

That makes two questions as against these judgment liens. The question is between Caroline M. Allen, the widow, and the judgment lienholders.

The first question I will consider is: Whether the widow, as against the judgment liens, is entitled to a year's support to be paid to her out of the proceeds of the sale, the judgment liens covering more than the proceeds of the property.

Section 6040, Rev. Stat., provides that, upon making an inventory of an estate: "The appraisers shall also set off and allow to the widow, and children under the age of fifteen years, if any there be, or if there be no widow, then to such children, sufficient provisions or other property to support them for twelve months from the death of the decedent; and if the widow or such children have, since the death of the deceased, and previous to such allowance, consumed for their support any portion of the estate, the appraisers shall take the same into consideration in determining the amount of the allowance."

Section 6041, Rev. Stat., provides: "When there is not sufficient personal property, or property of a suitable kind, to set off to the widow or children, as provided in the preceding section, the appraisers shall certify what sum or further sum, in money, is necessary for the support of such widow or children."

That is for a year. This is that provision that authorizes the allowance to the widow and children for the year's support. Now, it is held that the year's support is such a debt as resort may be had to the sale of the real estate for its payment, the same as the payment of the debts of the estate. Allen v. Allen's Adm'r., 18 Ohio St., 235. And it is decided that the executor of the widow who dies during the year and before it is all paid, may recover the balance which is unpaid from the administrator. Dorah's Adm'r v. Dorah's Ex'r, 4 Ohio St,. 292. Then it stands in the same class as the debts of the decedent. Second 6090, Rev. Stat., provides: "Every executor or administrator shall proceed with diligence to pay the debts of the deceased, and shall apply the assets to the payment of the debts in the following order:

"First—Funeral expenses, those of the last sickness, and expenses of administration.

"Second—The allowance made to the widow and children for their support for twelve months.

"Third—Debts entitled to a preference under the law of the United States.

"Fourth—Public rates and taxes, and sums due the state for duties on sales at auction.

"Fifth—To every person who shall have performed manual labor in the service of the deceased during his lifetime, out · of any funds that shall come into his hands as such administrator or executor, before the payment of the general creditors, the full amount of the wages due to such person for such labor performed within twelve months preceding the death of the party for whom such labor was performed, not exceeding one hundred and fifty dollars.

"Sixth—Debts due to all other persons."

It will be noticed that the expenses of the last sickness and funeral expenses take precedence over the allowance to the widow in the order of distribution.

Section 6165, Rev. Stat., provides: "The money arising from the sale of real estate"—that is, upon the petition of the executor to sell to pay debts—"shall be applied in the following order:

"First—To discharge the costs and expenses of the sale and the per centum and charge of the executor or administrator thereon, for his administration of the same.

"Second—To the payment of mortgages and judgments against the deceased, according to their respective priorities of lien, so far as the same operate as a lien on the estate of the deceased, at the time of his death; which shall be apportioned and determined by the court, on reference of a master or otherwise.

"Third—To the discharge of claims and debts, in the order mentioned in this title."

Referring to sec. 6090, Rev. Stat., this order of payment here, it seems to me, settles this question. The year's support of the widow is a debt of the estate. It occupies that relation, and is second in priority to the expenses of funeral and last sickness. This says, first: The expenses of the sale, and the per centum to the administrator shall be paid, then all judgment liens—I am speaking now as to the year's support—all judgment and mortgage liens. Third: To the discharge of claims and debts. I think there is nothing to be said about that. The year's support does not take precedence of judgment liens.

The next question is, as against the judgment liens, can the widow claim $500 in lieu of a homestead out of the proceeds of the sale, there being no liens that preclude the allowance of a homestead? In this case there are no mortgages or anything of that nature that preclude the allowance of a homestead.

Section 5437, Rev. Stat., provides as follows: "On petition of executors or administrators to sell, to pay debts, the lands of a decedent who has left a widow or a minor child, unmarried and composing part of the decedent's family at the time of his death, the appraisers shall proceed to set apart a homestead as provided in the next section"—that is, the general section for setting off a homestead by the sheriff—"and the same shall, except as otherwise provided in sec. 6455, Rev. Stat., remain exempt from sale on execution, and exempt from sale under any order of the court so long as the widow, if she remain unmarried, or any unmarried child of said decedent resides thereon.

"Provided, that in all cases where the homestead has or shall be sold to pay any lien which precludes the allowance of a homestead, the residue of the proceeds, not exceeding five hundred dollars, shall be paid to the widow, or in case there be no widow, to the minor child unmarried, in lieu of a homestead, on her or said minor child's application, in person or by agent, attorney or guardian."

Now, it will be noticed that this section does not require any application at all for the setting off of a homestead, so far as the allowance of a homestead is concerned. It is peremptory. The appraisers are to do that. I do not think this widow could waive it, because it is made for the benefit of the widow and minor children who form the family. But that is not before the court now. The sale has been made; and the money is in court for distribution.

It is held in Taylor v. Thorn, 29 Ohio St., 569, that the lien of judgments attaches to the homestead, and when the homestead right terminates, those liens, if they are kept up, can be enforced as liens. This section provides that a homestead shall be set off. If it is set off, then the lien continues to attach, and the

judgment lienholders have an interest in the property, and it is a peremptory provision of the statute that the homestead shall be set off. In all cases that must be done, unless it is sold under some lien that precludes the allowance of a homestead; and in that case $500 may be allowed in lieu of a homestead, and only in that case. Now, this is not that case; and this money being in court, the court thinks it must go to the judgment creditors, and that this does not make a case for the allowance of $500, in lieu of a homestead; that where the homestead could have been assigned, and there is nothing to prevent it, the only thing that can be done is to set off the homestead, which postpones the sale of the property upon the judgment liens. But those judgments liens are attached and wait, and then the property will be distributed to them after that.

The order will be that this money be distributed to these lienholders in the order of their priority.

S. L. James, for Plaintiff.

J. A. Flory, for Defendants.