### DILLMAN v WARNER et

Ohio Appeals, 3rd Dist, Allen Co

No 655.   Decided June 26, 1935

B. F. Welty, Lima, for plaintiffs in error.
Mackenzie, Weadock & Weadock, Lima,
and R. S. Steiner, Lima, for defendants in
error.

**OPINION**

By GUERNSEY, J.

It will be noted that the controversy in this court is between the plaintiffs in error and the judgment lien holders, and relates to the question as to whether the plaintiff in error Lulu Dillman, widow of the decedent, is entitled to the payment of any amounts in lieu of a homestead or for statutory allowances prior to the payment of judgment lien holders, and as to whether her dower payable out of the proceeds of the second tract is to be computed on the sale price of both tracts or on the sale price of the second tract. These contentions will be considered in the order mentioned.

In considering these questions it is advisable to keep in mind the rule that under the laws of Ohio an administrator deals solely with the personal property of his decedent unless it becomes necessary to sell the real estate of the decedent to pay the debts, obligations and costs of administration of the decedent's estate, and that the general statutes relating to administration of estates, relate to the personal property of the decedent and not to real estate, and that the administration of the real estate is governed by the specific statutes relating thereto.

1. With reference to the widow's claim for allowance in lieu of a homestead. Her right to a homestead is governed by the provisions of §11738, GC, the pertinent part of which reads as follows:

"Husband and wife living together, a widow living with an unmarried daughter or minor son, every widow and every unmarried female having in good faith the care, maintenance and custody of a minor child or children of a deceased relative, resident of this state, and not the owner of a homestead, in lieu thereof, may hold exempt from levy and sale, real or personal property to be selected by such person or his attorney, before sale, not exceeding $500 in value."

The decedent and plaintiff in error, Lulu Dillman, lived together as husband and wife on the premises known as Tract No. 1 in which she was precluded from claiming an interest by reason of the sale of said premises at a price less than the mortgage indebtedness thereon. As the husband is dead, the husband and wife are not now living together and consequently Lulu Dillman does not come within the purview of that part of the section relating to husband and wife living together, and any claim she may have to an allowance in lieu of a homestead is based on her status as a widow. As a widow her claim for exemptions may be asserted only as to claims against her individually and is limited to

property which is owned by her in her own right and not property which was owned by her husband during his lifetime.

Sterritt, Assignee v Lingo, 4 O.N.P. 366. 20 Ohio Jurisprudence, 1034, §65.

Lulu Dillman is not, therefore, entitled to an exemption in lieu of a homestead in the proceeds of the second tract.

2. The distribution of the proceeds of real estate by an administrator is governed by the provisions of §10510-46 GC, which is as follows:

"Disposition of money arising from sale of real estate. The money arising from the sale of real estate shall be applied as follows:

1. To discharge the costs and expenses of the sale, including reasonable fees for services performed by attorneys for the fiduciary in connection with the sale, and the commission of the executor or administrator thereon for his administration, or compensation of the guardian for his services as fixed by the court.

2. To the payment of mortgages, judgments and tax liens against the ward or deceased person, according to their prospective priorities of lien, so far as they operated as a lien on the estate of the deceased at the time of his death or on the estate of the ward at the time the action was commenced; which shall be apportioned and determined by the court, on reference to a master or otherwise.

3. In the case of an executor or administrator, the remaining proceeds of sale shall be applied as follows:

(a) If the action be to sell real estate to pay legacies, to the payment of legacies with which the real estate of the deceased was charged.

(b) To discharge the claims and debts of the estate, in the order provided by law.

(c) Whether such executor or administrator was appointed in this state or elsewhere, the surplus of the proceeds of sale must be considered as real estate and be disposed of accordingly.

4. In the case of a guardian, in the manner and upon the terms approved by the court where he was appointed."

It will be noted that under this section the payment of mortgages, judgments and tax liens against the deceased person, according to their respective priorities of lien, is made subordinate only to the payment of the costs and expenses of sale and administration, in the order of priority, and that payments to discharge the claims and debts of the estate in the order provided by law are made subordinate to the payment of judgments in the order of priority, and that §10509-54 GC expressly provides that the allowance of the sum of money to the widow under the provisions of such section shall be a charge on all property real and personal, belonging to the estate, prior to the claims of all unsecured creditors of the deceased or of the estate. Reading these sections together it is clear that it was the legislative intent that the sum allowed to the widow under §10509-54, GC, is a charge on the real estate prior only to the claims of unsecured creditors and was not intended to have priority over the claims of creditors holding judgment liens on the real estate who are secured creditors.

Oldfield Syndicate v American Improvement Co., 260 Federal, 905.

See also,

Jones, Admr. v Allen, 6 O.N.P. 518: 18 Ohio Jurisprudence, page 752, §745.

The judgment lien creditors are therefore entitled to priority over the claim of the widow Lulu Dillman for the allowance made to her under the provisions of §10509-54, GC.

3. With reference to the claim of Lulu Dillman as widow, for priority of payment as between her and the judgment lien creditors, of her year's allowance, the allowance made to her is governed by the provisions of §10509-74, GC. This section does not purport to provide that the allowance to the widow shall have precedence over the claims of judgment lien creditors out of the proceeds of the sale of real estate, and consequently the provisions of §10510-46 GC relating to distribution of such proceeds, governs and the claims of the widow for year's allowance is subject and subordinate to the claims of judgment lien creditors from the proceeds of such real estate; and her claim for reimbursement for funeral expenses of decedent paid by her is likewise subject and subordinate to the claims of the judgment lien creditors on such proceeds.

4. With reference to the claim of the widow as to the computation of dower. The rights of the widow are governed by the provisions of §10502-1, GC, which reads as follows:

"A spouse who has not relinquished or been barred of it shall be endowed of an estate for life in one-third of all the real property of which the consort was seized as an estate of inheritance at any time during the marriage, but all such dower

interest shall terminate and be barred upon the death of the consort except:

(a) To the extent that any such real property at any time during the marriage was conveyed by the deceased consort, the surviving spouse not having relinquished or been barred of dower therein; and

(b) To the extent that any such real property at any time during the marriage was encumbered by the deceased consort by marriage, judgment, lien (except tax lien), or otherwise, the surviving spouse not having relinquished or been barred of dower therein. In the event any of the real property of which the deceased consort was seized as an estate of inheritance at decease was so encumbered, the dower interest of the surviving spouse therein shall be computed on the basis of the amount of the encumbrance at the time of the death of such consort.

In lieu of such dower interest as terminates and is barred pursuant to the provisions of this section, a surviving spouse shall be entitled to the distributive share provided by the statute of descent and distribution.

All dower interest shall terminate and be barred upon the granting of an absolute divorce in favor of or against such spouse by a court of competent jurisdiction within or without this state.

Wherever dower is referred to in any other section of this act, it shall mean the dower to which a spouse is or may be entitled by the provisions of this section."

It will be noted that under this section the dower interest shall terminate and be barred upon the death of the consort except to the extent that any such real property at any time during the marriage was encumbered by the deceased consort by * * * judgment * * * the surviving spouse not having relinquished or been barred of dower therein, and that in the event any of the real property of which the deceased consort was seized as an estate of inheritance at the decease, was so encumbered, the dower interest of the surviving spouse therein shall be computed on the basis of the amount of the encumbrance at the time of the death of such consort.

The widow signed the mortgage on the first tract and under sub-division 3 of the dower statute above set forth, is not entitled to dower in Tract No. 1, so that the only real estate to be considered in computing the dower is the real estate known as Tract No. 2 which was not encumbered by mortgage. However, the three judgment liens above referred to were encumbrances on said tract within the meaning of said section. By the use of the word "any" in sub-division 3 of the section mentioned, in referring to the real property it is clear that it was the legislative intent that the dower of the widow is to be computed on each tract separately and her dower interest in each tract limited to the proceeds of such tract. The aggregate of the judgment liens on Tract No. 2 exceeded the sale price which was $600 and the dower of the widow in such is therefore to be computed on the sale price of that tract. This was the method of computation adopted by the Probate Court and the Court of Common Pleas, and is the correct method.

As the claims of plaintiff in error Lulu Dillman to priority in the distribution of the proceeds of Tract No. 2 were properly disallowed by the Probate Court and the court of Common Pleas and as her dower was properly computed, and the judgment of the Court of Common Pleas conforms to the law as hereinafter set forth the judgment of the Court of Common Pleas will be affirmed at costs of plaintiff in error.

KLINGER and CROW, JJ, concur.